# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARNELL SAMS,

                Petitioner,

v.                                                     Case Number: 2:10-CV-12699

STEVE RIVARD,

                Respondent.
                                     /

**OPINION AND ORDER DENYING PETITIONER'S "MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE"**

Petitioner Darnell Sams is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, pursuant to convictions for possession with intent to deliver over 1,000 grams of cocaine and possession of a firearm during the commission of a felony. He has filed a petition for a writ of habeas corpus challenging those convictions. Now before the court is Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance."

## I. BACKGROUND

Petitioner pleaded guilty in Wayne County Circuit Court to possession with intent to deliver a controlled substance over 1,000 grams and felony firearm. On March 30, 2007, he was sentenced to 8 years, 6 months' imprisonment for the controlled substance conviction, to be served consecutively to two years' imprisonment for the felony firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, claiming that his attorney labored under an actual conflict of interest and that

the trial court abused its discretion when it denied his motion to withdraw guilty plea. The Michigan Court of Appeals denied leave to appeal. *People v. Sams*, No. 282506 (Mich. Ct. App. Jan. 22, 2008). He filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court also denied leave to appeal. *People v. Sams*, 482 Mich. 974 (Mich. 2008).

Petitioner filed a motion for relief from judgment in the trial court, claiming: (i) his plea was involuntary because defense counsel frightened him into pleading guilty and failed to investigate; (ii) his plea was coerced because it was done for the benefit of his brother and girlfriend; (iii) counsel failed to advise him of a substantial defense; (iv) counsel represented conflicting interested; and (v) appellate counsel was ineffective. The trial court denied the motion. *People v. Sams*, No. 06-011806-01 (Wayne County Cir. Ct. Apr. 7, 2009). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Sams*, No. 292995 (Mich. Ct. App. Nov. 10, 2009); *People v. Sams*, 486 Mich. 1045 (Mich. 2010).

Petitioner then filed the pending petition for a writ of habeas corpus, asserting the same claims raised on collateral review in state court.

## II. DISCUSSION

Two months after filing his habeas petition, Petitioner filed a "Motion to Stay Proceedings and Hold Petition in Abeyance." Petitioner seeks a stay so that he may return to state court to exhaust three claims: (i) insufficient evidence presented at preliminary examination to support bind over for drug-related charge; (ii) insufficient

2

evidence presented at preliminary examination to support bind over for felony-firearm charge; and (iii) search warrant affidavit provided an insufficient basis for search of residence.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner argues that his unexhausted claims were not presented in state court because he did not discover these issues until he was provided a copy of the preliminary examination transcript on July 23, 2009. The court finds that this does not establish good cause. Petitioner has not explained why he was unaware of these claims prior to reviewing the transcript. Petitioner was present for the preliminary examination. The testimony adduced at that examination consequently was known to Petitioner long before he received the transcripts. Additionally, Petitioner does not show that he diligently attempted to obtain these transcripts prior to filing his motion for relief from judgment. Thus, the court finds that Petitioner has failed to satisfy *Rhines'* "good cause" requirement.

Moreover, even if Petitioner could satisfy the good-cause requirement, the court would not stay the petition because Petitioner has no avenue for review remaining in state court. Under Mich. Ct. R. 6.502(G)(1), a defendant generally is entitled to file only one motion for relief from judgment. Mich. Ct. R. 6.502(G)(2) permits the filing of a

3

successive motion under two circumstances:

> A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

Mich. Ct. R. 6.502(G)(2).

Petitioner does not argue that a retroactive change in law occurred after his first motion for relief from judgment. Thus, the only provision potentially applicable to his claims is the exception for new evidence. However, for the reasons discussed above, Petitioner has not shown that he was unaware of these claims prior to the filing of his first motion for relief from judgment. It is improbable that the state court would allow Petitioner to proceed with a successive motion for relief from judgment.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" [Dkt. # 5] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2010, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-12699.SAMS.DenyStay.mbc.wpd