**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DARNELL SAMS,

        Petitioner,

v.                                                          Case Number: 2:10-CV-12699

STEVE RIVARD,

        Respondent.
                                     /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Darnell Sams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, challenges his convictions for possession with intent to deliver a controlled substance over 1,000 grams and felony firearm. He argues that he was denied his right to counsel where counsel had a conflict of interest, he received ineffective assistance of trial and appellate counsel, and his guilty plea was involuntary. Respondent argues that the claims are procedurally default and/or meritless. For the reasons set forth, the court denies the petition.

**I.  BACKGROUND**

On December 15, 2006, Petitioner pleaded guilty in Wayne County Circuit Court to possession with intent to deliver a controlled substance over 1,000 grams and felony firearm. In exchange for the plea, two marijuana-related charges were dismissed. On the date set for sentencing, Petitioner's counsel, Wright Blake, asked for an adjournment asserting that there were issues that needed to be explored. The trial

court granted the adjournment and reset sentencing for March 9, 2007. On that date, the trial court considered Petitioner's motion to withdraw plea. Petitioner argued that he should be permitted to withdraw his plea because the attorney who represented him at the time of his plea, Marshall Goldberg, operated under a conflict of interest. The trial court stated that the motion could not be decided without testimony from Goldberg and set a hearing date for March 30, 2007. On that date, Petitioner withdrew the motion to withdraw his plea. He was sentenced to 8-1/2 to 20 years in prison for the cocaine conviction and two years in prison for the felony-firearm conviction.

On September 4, 2007, Petitioner filed a second motion to withdraw his plea, arguing that he was innocent, that he was forced to plead guilty, and that his attorney operated under a conflict of interest. The trial court denied the motion.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. He raised these claims:

> I. Appellant was denied his Sixth Amendment right to counsel where he was represented by a lawyer associated in the practice of law with an attorney representing his brother in a related forfeiture action where that representation constituted an actual conflict of interest that adversely affected counsel's representation of appellant. He is entitled to withdraw his plea where the trial court was unaware of the conflict and therefore failed to inquire further into the propriety of that representation.
>
> II. The trial court abused its discretion in denying appellant's motion to allow him to withdraw his plea on the basis that he is innocent and where he asked at a minimum for an evidentiary hearing in support of his motion.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Sams*, No. 282506 (Mich. Ct. App,. Jan. 22, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the court of appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Sams*, 482 Mich. 974 (Mich. 2008).

Petitioner then filed a motion for relief from judgment in the trial court.  He raised these claims:

> I. Due process guarantees and Sixth Amendment principles entitled defendant to relief from judgment and to withdraw his guilty plea where defense counsel was constitutionally ineffective and had frightened defendant into pleading guilty and failed to investigate that another person may have been responsible for the charged offense, and failed to offer defendant consultation on applicable defense, including mere presence.
>
> II. Requiring a defendant to plead guilty in order to preserve the right of his girlfriend and brother to benefit from his plea bargain is coercive.  At the same time, defense counsel's failure to advise defendant of a substantial defense is deficient performance.  Therefore, defendant was deprived of effective assistance of trial counsel where his attorney effectively coerced a guilty plea from defendant, and failed to advise him of a defense of mere presence.
>
> III. Defendant was denied his Sixth Amendment right to counsel and Fourteenth Amendment due process clause rights where he was represented by a lawyer who also represented defendant's brother – the claimant in a forfeiture action arising out of the very narcotics raid which resulted in the charges against defendant where that representation constituted an actual conflict of interest that adversely affected counsel's representation of defendant, and where the court was made aware of this conflict prior to sentencing, but failed to inquire further into the propriety of that dual representation when faced with the request to withdraw the guilty plea.
>
> IV. Defendant was entitled to the effective assistance of post-plea counsel, and/or appellate counsel.  However, his post-plea counsel and/or appellate attorney was ineffective.  These and other errors denied defendant the effective assistance of counsel.

The trial court denied relief from judgment.  *People v. Sams*, No. 06-011806-01 (Wayne County Cir. Ct. Apr. 7, 2009).  Petitioner filed an application for leave to appeal

in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Sams*, No. 292995 (Mich. Ct. App. Nov. 10, 2009). The Michigan Supreme Court also denied leave to appeal. *People v. Sams*, 486 Mich. 1045 (Mich. 2010).

Petitioner then filed the pending habeas corpus petition. The petition raises these claims:

> I. Petitioner was denied his Sixth Amendment right to counsel and Fourteenth Amendment Due Process Clause rights where he was represented by a lawyer who also represented Petitioner's brother – the claimant in a forfeiture action arising out of the very narcotics raid which resulted in the charges against the Petitioner where that representation constituted an actual conflict of interest that adversely affected counsel's representation of the Petitioner, and where the Court was made aware of the conflict prior to sentencing, but failed to inquire further into the propriety of that dual representation when faced with the request to withdraw the guilty plea.
>
> II. Due process guarantees and Sixth Amendment principles entitled Petitioner to relief from judgment and to withdraw his guilty plea where defense counsel was constitutionally ineffective, and had frightened Petitioner into pleading guilty and failed to investigate that another person may have been responsible for the charged offense, and offer Petitioner consultation on applicable defenses, including mere presence.
>
> III. Requiring a petitioner to plead guilty in order to preserve the right of his girlfriend and brother to benefit from his plea bargain is coercive. At the same time, defense counsel's failure to advise Petitioner of a substantial defense is deficient performance. Therefore, Petitioner was deprived of effective assistance of trial counsel where his attorney effectively coerced a guilty plea from Petitioner, and failed to advise him of a defense of mere presence.
>
> IV. Petitioner was entitled to the effective assistance of post-plea counsel and/or appellate counsel. However, his post-plea counsel and/or appellate attorney was ineffective. Therefore, valid claims of constitutional error were not properly considered on appeal. These and other errors denied Petitioner the effective assistance of counsel.

## II.  STANDARD

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

5

decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d

6

488, 493 (6th Cir. 2007).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel Claim

Petitioner argues that he received ineffective assistance of counsel because the attorney who represented him during the plea process operated under a conflict of interest. The claimed conflict derives from counsel's alleged representation of Petitioner's brother, Karl Willis, in a civil forfeiture action arising out of the same drug raid that led to Petitioner' arrest. Petitioner also argues that counsel was ineffective for failing to investigate possible defenses and for failing to advise him that mere presence was a possible defense.[1]

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466

---

[1] Respondent argues that this portion of Petitioner's ineffective assistance of counsel claim is procedurally defaulted. A court may skip a procedural-default analysis and reject a claim on the merits where doing so presents a more straightforward analysis. *See Arias v. Hudson*, 589 F.3d 315, 316 (6th Cir. 2009) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). In this case, it is more straightforward to address the merits of this claim.

U.S. at 687.  A criminal defendant is entitled to the effective assistance of counsel free from conflict.  *Holloway v. Arkansas*, 435 U.S. 475, 483-84 (1978).  In *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980), the Supreme Court held that prejudice is presumed if counsel is burdened by an actual conflict of interest.  The presumption of prejudice applies only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."  *Id.* at 350, 348.  The Supreme Court, to date, has applied the *Cuyler* presumption of prejudice only "in the case of a conflict of interest arising from multiple *concurrent* representation of defendants, and has left open the question whether the presumption could apply in the case of a conflict arising from *successive* representation."  *Jalowiec v. Bradshaw*, 657 F.3d 293, 314-15 (6th Cir. 2011).  Multiple concurrent representation "occurs where a single attorney simultaneously represents two or more codefendants in the same or separate proceeding(s), whereas successive representation occurs where defense counsel has previously represented a co-defendant or trial witness."  *Id.*  at 315.

Petitioner argues that his attorney Marshall Goldberg's representation of Karl Willis, Petitioner's brother, in a forfeiture proceeding arising from the same incident giving rise to the charges against Petitioner amounted to multiple concurrent representation, requiring a presumption of prejudice.  Petitioner argues that Willis hired Goldberg to represent Petitioner and that Goldberg counseled Petitioner to plead guilty so that Willis could retain his home.

Petitioner raised this claim in his first motion to withdraw plea.  At the hearing for this motion, Petitioner argued, through counsel, that Goldberg advised him to accept the

8

plea offer to protect the property interest of his brother.  The trial court judge determined that she could not decide the motion without testimony from Goldberg and adjourned the hearing.  The matter was reconvened three weeks later.  At that time, Petitioner, through his attorney, stated that, after reviewing the file and documentation supplied by the prosecutor and discussing the matter with counsel, it was determined that it was in Petitioner's best interest to withdraw the motion.  The trial court proceeded with sentencing.

Approximately six months later, Petitioner filed a second motion to withdraw plea. Petitioner again argued that Goldberg operated under a conflict of interest, but, in this second motion, he asserted a different basis for the conflict: not that Goldberg, but Steven Fishman, an attorney with whom Goldberg shared office space, represented Petitioner's brother in the forfeiture proceeding.  The trial court denied the motion to withdraw plea, holding that Petitioner's arguments rested on nothing more substantial than speculation because he offered no evidence other than a shared address to explain the relationship between Goldberg and Fishman.

Petitioner again raised a conflict of interest claim in state court post-judgment collateral review.  This time, Petitioner returned to the argument that Goldberg represented Petitioner's brother in the forfeiture proceeding.  The trial court concluded that Petitioner failed to show that a conflict of interest existed.

A "mere theoretical division of loyalties" is not itself an "actual conflict of interest." *Mickens,* 535 U.S. at 171.  *See also Bray v. Cason,* 375 F. App'x 466, 472 (6th Cir. 2010) (holding "hypothetical conflicts" cannot establish an actual conflict of interest); *Moss v. United States*, 323 F.3d 445, 467 n. 23 (6th Cir.2003) (holding the conflict must

be "real or genuine, as opposed to [ ] hypothetical"). Even joint representation of co-defendants creates only a potential conflict of interest; it "'is not per se violative of constitutional guarantees of effective assistance of counsel.'" *Burger v. Kemp*, 483 U.S. 776, 783 (1987) (quoting *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978)). In *Burger*, the Supreme Court addressed whether a habeas petitioner's defense had been adversely affected by an "actual conflict" arising from the appointment of counsel's law partner to represent petitioner's co-defendant in a later, separate trial. Both defendants had been charged with capital murder, and each argued that he was less culpable than his co-defendant. The Court, nevertheless, found no actual conflict and no adverse effect on the petitioner's defense. *Id.* at 783.

In this case, despite repeated opportunities to do so, Petitioner has failed to offer anything more than speculation to support the claimed conflict of interest. Petitioner submits a copy of a Consent Judgment of Forfeiture entered in Wayne County Circuit Court in support of his argument that Goldberg represented Petitioner's brother in the forfeiture proceeding. To the contrary, the Consent Judgment shows that Goldberg represented Petitioner and that Steven Fishman represented Petitioner's brother. Goldberg's and Fishman's addresses, as listed in the Consent Judgment, are identical. Petitioner, however, has not shown that the two attorneys had a relationship beyond simply sharing office space. Sharing office space with an attorney who represented Petitioner's brother in a forfeiture proceeding does not constitute *per se* ineffective assistance on the part of Petitioner's counsel. *See U.S. v. Hardin*, No. 11-10738, 2011 WL 2118941, *5 (E.D. Mich. May 27, 2011) ("[T]he sharing of office space alone is not enough to create a conflict of interest."). Given the presumption of correctness attached

10

to the state court factual findings, 28 U.S.C. § 2254(e), and the absence of any substantive evidence of actual conflict, the court holds that the Michigan courts did not unreasonably apply Supreme Court precedent in finding no actual conflict.

Petitioner also presents ineffective assistance of counsel claims unrelated to the alleged conflict of interest. He argues that counsel failed to investigate Petitioner's claim that another person may have been responsible for the charged offenses and failed to advise Petitioner of possible defenses. The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Where a habeas petition alleges counsel failed to investigate or discover potentially exculpatory evidence, satisfaction of the prejudice prong "will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* at 58.

Petitioner fails to identify any information which would have led reasonable trial counsel to change the plea recommendation. He alleges that counsel should have conducted further investigation and legal research, but does not support his claim with

any specific information as to what counsel could have or should have discovered. It is well-settled that conclusory allegations are insufficient to justify habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief). Petitioner's unsubstantiated allegation that counsel could have done more, by itself, is an example of a conclusory assertion, and fails to show counsel acted outside the wide range of professionally competent assistance.

Additionally, Petitioner claims counsel failed to advise him that he could have presented at trial a defense of mere presence. During the plea hearing, Petitioner admitted that the drugs were his and that he intended to sell them. He presents no support for this potential defense, other than his own self-serving affidavit. Petitioner's own statements at the plea hearing are inconsistent with a mere-presence defense. Thus, his claim that counsel failed to advise him of such a defense is insufficient to show that counsel was ineffective.

### B. Voluntariness of Plea

Petitioner argues that his plea was involuntary because he acceded to pressure from family members to plead guilty, pleaded guilty to save his brother's property from seizure, and because he feared he would not receive a fair trial.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct

consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The trial court, in its opinion denying Petitioner's motion for relief from judgment, held that the plea was voluntarily, knowingly, and understandingly made. The trial court noted that the record showed that Petitioner was fully aware of the consequences of the guilty plea versus the potential consequences of proceeding to trial. Additionally, the trial court rejected Petitioner's argument that his desire to benefit his brother by pleading guilty rendered his plea involuntary, holding that, without more, it did not establish any coercion.

The plea colloquy shows that Petitioner was informed of the maximum possible sentence he faced. He was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury. Petitioner indicated that he understood his rights and was voluntarily waiving them. Additionally, Petitioner stated that no promises had been made to him in exchange for his guilty plea beyond those stated on the record. Petitioner's "[s]olemn declarations in open court" that his plea was freely, understandingly, and voluntarily made, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). If this court were to rely solely on Petitioner's subjective impression that he feared he would not receive a fair trial or that he was pressured into entering a plea, the court "would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was

13

different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . .. indicating the opposite." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir.1999). Moreover, pressure from Petitioner's family members —assuming it occurred— does not constitute coercion rendering a guilty plea involuntary. *See U.S. v. Gasaway,* 437 F. App'x 428, 434-35 (6th Cir. 2011). "Unavoidable influence or pressure from sources such as codefendants, friends or family does not make a plea involuntary; it is only where the plea is coerced by conduct fairly attributable to the [government] that the due process clause . . . is offended." *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir.1991).

Having reviewed the record, the court is entirely satisfied that Petitioner's plea was knowing, intelligent and voluntary and that the trial court's opinion finding the same was not only not contrary to or an unreasonable application of Supreme Court precedent, but was in fact correct.

### C. Alleged Ineffective Assistance of Appellate Counsel

Finally, Petitioner argues that counsel was ineffective in failing to properly raise the claims raised in his habeas petition on direct review. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective

14

>  advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). None of the claims Petitioner argues his appellate attorney should have raised on appeal have been shown to have any merit. Therefore, counsel was not ineffective in failing to raise them.

### IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the court will deny a certificate of appealability.

### CONCLUSION

For the reasons stated above, IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2012, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522